UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLANCHE STANLEY,

               Plaintiff,

v.                                                                    Case No. 24-cv-10094
                                                  Honorable Linda V. Parker

NAGLE PAPER, INC. d/b/a
ABZAC-US,

               Defendant.

_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND EXPERT WITNESS REPORT FILING DATE (ECF NO. 17)**

Plaintiff Blanche Stanley filed this civil rights action[1] against Nagle Paper, Inc. d/b/a Abzac-US, alleging that it violated the Family Medical Leave Act ("FMLA" or the "Act") by denying her leave under the Act, despite her eligibility, and subsequently retaliating against her for taking medical leave by terminating her employment. (*See generally* ECF No. 1; ECF No. 17 at PageID.67.)

On February 28, 2025, Ms. Stanley filed this motion to extend the expert witness report filing date. (ECF No. 17.) Ms. Stanley seeks to extend the filing date to April 15, 2025. (*Id*. at PageID.65.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral

---

[1] This matter was reassigned from United States District Judge Sean F. Cox to the undersigned on March 25, 2025, pursuant to Administrative Order 25-AO-005.

argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  (*See* ECF

Nos. 18, 21.)  For the following reasons, the Court denies Ms. Stanley's motion.

## I.      Procedural Background

On April 23, 2024, Judge Cox issued a scheduling order, providing, in

relevant part, the following:

| Witness disclosure, including expert disclosure and corresponding written reports: | November 19, 2024 |
|---|---|
| Discovery cut-off: | December 23, 2024 |
| Status conference: | January 3, 2025 |
| Dispositive motion cut-off filed by: | January 24 ,2025 |
| Final pretrial conference: | April 29, 2025 |
| Trial: | May/June 2025 |

(*See* ECF No. 13.)  The parties engaged in written discovery pursuant to the

scheduling order.  (ECF No. 18 at PageID.103.)  Of note, Ms. Stanley filed a

witness list on November 19, 2024, identifying Dr. Gerald Sheiner as a possible

psychiatry expert as well as Dr. Janet Kemp and Dr. John Sase as potential experts.

(*Id*.; *see also* ECF No. 15 at PageID.59.)  Ms. Stanley, however, did not identify

Dr. Sase and Kemp's specialties nor did she provide expert reports or summaries

for any of the experts' proposed testimony.  (ECF No. 18 at PageID.103; *see also*

ECF No. 15 at PageID.59.)

On December 18, 2024, after learning that Ms. Stanley failed to provide

certain documents requested by Defendant, the parties stipulated to an extension of

the scheduling order.  (*See* ECF No. 18 at PageID.103.)  They agreed to the

following new deadlines:

| Witness disclosure, including expert disclosure and corresponding written reports: | November 19, 2024 | [not applicable] |
|---|---|---|
| Discovery cut-off: | December 23, 2024 | February 28, 2025 |
| Status conference: | January 3, 2025 | March 4, 2025 |
| Dispositive motion cut-off filed by: | January 24 ,2025 | March 28, 2025 |
| Final pretrial conference: | April 29, 2025 | July 29, 2025 |
| Trial: | May/June 2025 | September/ October 2025 |

(*See id*. at PageID.104; ECF No. 16.)  The stipulation did not include a new

deadline for expert reports or disclosures.  (ECF No. 18 at PageID.104; ECF No.

16.)

The day after the parties filed the extension, they agreed to attend facilitation

on February 26, 2025.  (ECF No. 18 at PageID.104.)  The facilitation was

unsuccessful.  (*Id*. at Page.ID105.)  According to Defendant, the facilitation was

futile because Ms. Stanley submitted a summary a few days before the facilitation,

indicating for the first time that Dr. Sheiner, Ms. Stanley's expert psychiatrist,

would opine that she is permanently disabled.  (*Id*.)  Ms. Stanley reiterated this

information during the facilitation, prompting Defendant to object to the use of Dr.

Sheiner's opinion.  (*Id*.)

Ms. Stanley then filed the instant motion two days later, on the new

discovery cut-off date.  (*See* ECF No. 17.)  On March 19, 2025, Ms. Stanley also

3

filed a summary judgment motion.  (*See* ECF No. 20.)  There, Ms. Stanley argues that she is entitled to judgment as a matter of law because there is no genuine issue of material fact that Defendant interfered with her right to exercise her rights under FMLA; Defendant terminated her in retaliation because she exercised her FMLA rights; and Defendant did not have a legitimate discriminatory reason for terminating her.  (*Id.*)  The motion has been fully briefed and is pending the Court's review.  (*See* ECF Nos. 20, 22.)

## II.    Applicable Law and Analysis

Ms. Stanley argues that the Court should extend the filing deadline for expert reports and disclosures to allow her to file reports for Dr. Sheiner and Dr. Sase.[2]  (ECF No. 17 at PageID.68.)  According to Ms. Stanley, it is appropriate to extend the deadline because the Court has broad authority and discretion under Federal Rule of Civil Procedure 26(a) to establish and extend case deadlines, including expert witness report deadlines.  (*Id.*)  Ms. Stanley also argues that an extension is warranted because her failure to file the expert reports is substantially justified and harmless under the five-factor test set out in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)—the Sixth Circuit's leading case that corresponds with

---

[2] As mentioned, Ms. Stanley also identified Dr. Kemp as a possible expert, but her motion appears to pertain only to Dr. Sheiner and Dr. Sase.  However, the Court's decision herein applies to Dr. Kemp should Ms. Stanley seek to submit the required disclosure information and report for her.

4

Rule 26.  (*See id.*)  Defendant opposes the motion, arguing that the deadline for

disclosing expert reports has passed and Ms. Stanley has not proved that her delay

was due to excusable neglect as required by Federal Rule of Civil Procedure

6(b)(1)(B).  (ECF No. 18 at PageID.107-08.)

The Court first addresses the parties' disagreement regarding the standard

that governs Ms. Stanley's request.  The Court agrees with Defendant that Federal

Rule of Civil Procedure 6 is the correct standard to analyze the instant motion.

Rule 6 provides that "[w]hen an act may or must be done within a specified time,

the court may, for good cause, extend the time . . . on motion made after the time

has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P.

6(b)(1)(B).  Although Ms. Stanley's motion involves expert reports–a matter

expressly addressed by Rule 26(a)(1)-(2) and *Howe*–the facts here do not support

application of these rules.  Most notably, Ms. Stanley has not yet filed the proposed

written expert reports nor has Defendant moved to exclude or strike such reports.

In this context, Rule 6 applies.[3]  *See Kassim v. United Airlines, Inc.*, 320 F.R.D.

451, 453 (E.D. Mich. 2017) ("Because [the movant] did not request an extension of

time to make her expert disclosures until after they were due, Federal Rule of Civil

---

[3] Even if the Court relied on Federal Rule of Civil Procedure 26 and *Howe*,
standards that overlap significantly with Rule 6, the Court would arrive at the same
conclusion for the below described reasons.

Procedure 6(b)(1)(B) applies, meaning that [the movant] must show that her failure to act was due to 'excusable neglect.'").

The Sixth Circuit holds that "'[n]eglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness.'" *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005)). However, whether the neglect is "excusable" requires the Court to "consider all the relevant circumstances," which consists of "the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Kassim*, 320 F.R.D. at 453 (quoting *Morgan*, 165 F. App'x at 428)). "The reason for the delay is the most critical factor . . . ." *Id.* (quoting *Morgan*, 165 F. App'x at 429)). Moreover, excusable neglect is a high bar and found only in extraordinary cases. *See Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 458 (6th Cir. 2004).

In balancing these factors, the circumstances of this case weigh in favor of finding inexcusable neglect with respect to Ms. Stanley's untimely expert disclosures and reports. As to the first factor, the Court finds that the late filings will cause Defendant to suffer some prejudice. Ms. Stanley states that Dr. Sheiner will opine that the circumstances of the termination aggravated her anxiety and

depression, both of which are underlying psychiatric conditions that disable her from working in her field. (*See* ECF No. 17 at PageID.70.)

Regarding Dr. Sase, Ms. Stanley indicates that his opinion testimony will "consist[] of the computation of the economic value of [her] employment with Defendant, including lost salary and insurance benefits" for purposes of recovery of front and back pay and accrued interests under FMLA. (*Id*.) He will also "express the opinion that Defendant's Human Resources Manager, Stacie Weller, engaged in identity theft and fraud following [Ms. Stanley's] termination," "in violation of several federal statutes." (*Id*. at PageID.70-71.)

Defendant points out that Ms. Stanley's previous disclosures failed to include the subject matter and summaries of the experts' proposed testimony and did not identify Dr. Sase's specialty. (ECF No. 18 at PageID.109.) Defendant also did not learn that Ms. Stanley was permanently disabled, and that Dr. Sheiner would testify to this issue and her inability to work until a few days before facilitation, which was two days before she filed this motion. (*Id*. at PageID.105, 109.) Defendant claims that during her deposition, Ms. Stanley testified that no one ruled that she was disabled and that "she was not planning on applying for disability benefits because the thought of never working again [was not] something [she] could bring [herself] to do," leading Defendant to believe that she was capable of working. (ECF No. 18 at PageID.109) (quotations omitted).

7

Ms. Stanley's vague disclosure of the experts and their proposed testimony will require Defendant to defend against new claims that it had no reason to expect. Defendant will have to strategize against Ms. Stanley's permanent disability claim despite her leading Defendant to believe that she was capable of working. Ms. Stanley also suggests that Dr. Sase's testimony will do more than opine as to economic damages related to FMLA, allowing her to advance new theories and issues that involve laws that are impertinent here. Ms. Stanley's assertion that the experts are well-known and that it should have "been obvious that [Dr. Sheiner and Dr. Sase] would provide psychiatric and economic expert opinions" (ECF No. 21 at PageID.933) is an assumption that undermines the purpose of Rule 26. Ms. Stanley's argument that the harm to Defendant can be cured by making the experts available for deposition (*see* ECF No. 17 at PageID.69) is not persuasive enough to outweigh the prejudice to Defendant.

The second factor, the length of the delay and the impact on the proceedings, also weighs against Ms. Stanley. The expert deadline she requests would occur approximately two months after the discovery cut-off and a couple of weeks after the dispositive motion deadline. Allowing the expert reports at this stage would require the Court to reopen discovery and potentially allow supplements or amendments to Ms. Stanley's pending motion for summary judgment.

The final factors–the reason for the delay, including whether it was within the control of Ms. Stanley, and whether she acted in good faith–weigh in Defendant's favor.  In her motion, Ms. Stanley asserts that her failure to timely file Dr. Sase's and Dr. Sheiner's expert reports was because she needed her medical and employment records to form the foundation of their opinions.  (*Id.* at PageID.71.)  She also asserts that Ms. Weller's deposition testimony "was necessary to confirm the unlawful conduct related to the fraudulent insurance account."  (*Id.*)  In her reply, Ms. Stanley attributes the untimeliness to inadvertence.  (ECF No. 21 at PageID.935.)  She claims that her counsel assumed "that, since the Order extending the Discovery Cut-off date was silent to an extension of the Expert Witness Disclosure date . . . a new Expert Witness Disclosure date would likely be scheduled by the Court upon application of counsel."  (*Id.* at PageID.935-36.)

Defendant responds that Ms. Stanley's reasons are "disingenuous and insufficient."  (ECF No. 18 at PageID.113.)  By Defendant's account, Ms. Stanley was aware of her medical treatments and always had access to the medical records needed for Dr. Sheiner's opinion.  (*Id.*)  Defendant further argues that it provided Ms. Stanley with the relevant employment records, such as her personnel file, payroll summary report, and tax forms, on May 2, 2024, which was "more than six months before the expert report disclosure deadline."  (*Id.* at PageID.113-14.)

While the record and circumstances surrounding this request do not evidence that Ms. Stanley's failure was a result of bad faith, the Court agrees with Defendant that the delay was in Ms. Stanley's control, which she does not challenge. Considering equitability, the Court does not find reason to depart from the general rule that "attorney error or inadvertence will not ordinarily support a finding of excusable neglect." *Kassim*, 320 F.R.D. at 453 (quotations omitted); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993) (explaining that "excusable neglect" is a somewhat "elastic concept" that requires a court to make an equitable determination, "taking account of all relevant circumstances surrounding the moving party's omission."); *Proctor*, 560 F. App'x at 459 (restating the same); *see also Morgan*, 165 F. App'x at 428-30) (affirming the lower court's decision to allow the defendants to file an answer eight months late when the defendants acted quickly to remedy their mistake, there was little prejudice to the nonmoving party, and judicial policy favored adjudication on the merits).

## III.   Conclusion

For the foregoing reasons and pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court concludes that the factors, as a whole, weigh in favor of finding that Ms. Stanley's failure to timely file the expert reports and disclosures for Dr. Sase and Dr. Sheiner amounted to inexcusable neglect.  Thus, the

circumstances do not warrant an extension of the expert witness report deadline in this matter.

Accordingly,

**IT IS ORDERED** that Ms. Stanley's motion to extend the expert witness report filing date (ECF No. 17) is **DENIED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: June 26, 2025

11